**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

GREGORY SCOTT GOODYEAR,

       Plaintiff,

v.                            Case No.  5:19-cv-195-MCR/MJF

M BEARDEN, et al.,

       Defendants.

                                       /

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to comply with two court orders.[1]

## I.  Background

On July 5, 2019, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 and named several Defendants. (Doc. 1). Plaintiff subsequently filed an Amended Complaint against Defendants M. Bearden, Hundley, Mark Sims, M. Sprickler,

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Thompson, Gray, Summers, and Baxley. (Doc. 3). He simultaneously filed a motion

for leave to proceed *in forma pauperis*. (Doc. 4).

On July 17, 2019, the undersigned denied Plaintiff's motion for leave to

proceed *in forma pauperis*. (Doc. 5). Additionally, the undersigned noted that

Plaintiff's complaint was deficient insofar as it was not on the form required by

Local Rule 5.7 of the Northern District of Florida. (*Id.* at 1-2). Therefore, the

undersigned directed the clerk of the court to send Plaintiff a complaint form for use

by prisoners in the Northern District of Florida. (*Id.* at 4). The undersigned directed

Plaintiff to either amend his complaint using the form or file a notice of voluntary

dismissal. The undersigned also directed Plaintiff to either pay $400.00 ($350.00

filing fee and $50.00 administrative fee) or file a proper motion for leave to proceed

*in forma pauperis*. (*Id.* at 4-5).  The undersigned imposed a thirty-day deadline for

Plaintiff to (1) pay the $400.00 fee or file a motion for leave to proceed *in forma

pauperis*; and (2) file an amended complaint or notice of voluntary dismissal. (*Id.* at

4-5). The undersigned warned Plaintiff that his failure to comply likely would result

in dismissal of this action.

On July 23, 2019, Plaintiff's "Second Amended Complaint" was docketed.

(Doc. 6). This complaint was not on the form required by Local Rule 5.7 for the

Northern District of Florida. Plaintiff also did not pay the $400.00 or submit a motion

for leave to proceed *in forma pauperis*. After the court-imposed deadline had passed,

the undersigned issued an order directing Plaintiff to explain why he had failed to comply with the court's order and the local rules and failed to pay the filing fee or move for leave to proceed *in forma pauperis*. (Doc. 7). The undersigned set a deadline of September 30, 2019, for Plaintiff to comply. The undersigned again warned Plaintiff that his failure to comply likely would result in dismissal of this action. As of the date of this report and recommendation, Plaintiff has not complied with the court's order and has failed to pay the filing fee or move for leave to proceed *in forma pauperis*.

## II.     Discussion

The undersigned recommends that this court dismiss Plaintiff's complaint in light of Plaintiff's failure to: (1) pay the filing fee; and (2) comply with two court orders.

### A.     <u>Failure to Pay the Initial Partial Filing Fee</u>

The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA"), was enacted "[i]n an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). In pursuit of that goal, the PLRA amended portions of 28 U.S.C. § 1915 to require the payment of filing fees by prisoners proceeding in the district court. *Id.* The PLRA "clearly and unambiguously requires" payment of the filing fee, even if that is done in installments. *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001)

Page 3 of 9

(quoting 28 U.S.C. § 1915(b)(1)); *see Wilson v. Sargent*, 313 F.3d 1315, 1318 (11th Cir. 2002) (citing 28 U.S.C. § 1915(3)(b)(1)). Thus, a "party who files . . . a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*." N.D. Fla. Loc. R. 5.3.

Local Rule 41.1 for the Northern District of Florida provides that "the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order. N.D. Fla. Loc. R. 41.1. But before a court may dismiss an action for failure to pay the filing fee, the court must first afford a plaintiff an opportunity to explain the failure. *See Wilson*, 313 F.3d at 1320-21; *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). If a prisoner-litigant "does not comply with the district court's directions" to pay the filing fee or complete a motion to proceed *in forma pauperis* nor offers an explanation for his failure to do so, "the district court must presume that the prisoner is not a pauper, assess the entire filing fee, and dismiss the case for want of prosecution." *Bomer v. Lavigne*, 76 F. App'x 660, 661 (6th Cir. 2003).

Here, the undersigned ordered Plaintiff to pay the $400.00 fee or seek leave to proceed *in forma pauperis* on July 17, 2019. (Doc. 5). The undersigned warned Plaintiff that the failure to do so would likely result in dismissal. (*Id.*). After Plaintiff failed to comply with the undersigned's initial order, the undersigned issued an order

Page 4 of 9

directing Plaintiff to explain why he had failed to pay $400.00 or seek leave to

proceed *in forma pauperis*. (Doc. 7). In both of these orders, Plaintiff was warned

that the failure to pay the fee or seek leave to proceed *in forma pauperis* likely would

result in dismissal of this action. (Docs. 5, 7) Despite these warnings, Plaintiff has

not paid the filing fee or filed a motion for leave to proceed *in forma pauperis*. For

this reason, the undersigned recommends that this case be dismissed without

prejudice.

### B.      Failure to Comply with Court Orders

Plaintiff's failure to comply with two court orders is yet another reason to

dismiss this case.

"A federal court has at its disposal an array of means to enforce its orders,

including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820,

827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (allowing "the

Court [to] strike a pleading, dismiss a claim, enter a default on a claim, take other

appropriate action, or issue an order to show cause why any of these actions should

not be taken" if a party fails to comply with an applicable rule or court order).

"Federal courts possess an inherent power to dismiss a complaint for failure

to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d

1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing &*

*Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may

dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.");

*see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962)

(noting the inherent power of courts to dismiss an action is not precluded by Fed. R.

Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may

*sua sponte* dismiss cases for failure to comply with court orders and for failure to

prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534,

545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a

plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d

108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts

may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the

following seven factors, among others:

 **(1) The duration of Plaintiff's failure to comply.** On July 17, 2019, the

undersigned ordered Plaintiff to pay the filing fee or file a motion for leave to

proceed *in forma pauperis*. Additionally, the undersigned directed Plaintiff to use

the form approved for use by *pro se* prisoners. The undersigned provided Plaintiff

thirty days to comply. Thus, Plaintiff has failed to comply with that order since

August 2019.

**(2) Plaintiff's failure to comply with two court orders.** The Plaintiff has

failed to comply with two court orders:

a.    the order issued on July 17, 2019; and

b.    the order issued on August 30, 2019.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned warned Plaintiff two times that failure to comply with the respective orders likely would result in dismissal. (Docs. 4, 7). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff has not complied with this court's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, Plaintiff may elect to refile his claim should he choose to pursue it in the future. Thus, dismissal will not result in substantial prejudice to him.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open.

**(6) The public policy favoring disposition of cases on their merits.** The

orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition, the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Based on Plaintiff's prior conduct, it is likely would that Plaintiff will ignore any further orders directing him to comply. Insofar as he is already incarcerated and presumably indigent, it is unlikely that imposition of a fine or a finding of contempt would motivate the Plaintiff. Accordingly, dismissal without prejudice is an appropriate sanction to address the important interests discussed above.

## III.   Conclusion

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee and failure to comply with court orders.

2. The clerk of the court be directed to close the case file.

In Panama City Beach, Florida, this 22nd day of October, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.